IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0431-WS-M |
| | ) | |
| INFIRMARY HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (doc. 13). The Motion has been briefed and is now ripe for disposition.[1]

I. **Background Facts.**

Plaintiff, Monica Johnson, who is proceeding *pro se*, filed a First Amended Complaint (doc. 12) purporting to assert certain employment discrimination claims against defendant, Infirmary Health System, Inc. ("Infirmary"). The pleading alleges that Johnson is a black female of the Seventh-Day Adventist faith, that she is employed by Infirmary as a nurse, and that she "had always done her job in a fully satisfactory and workmanlike manner." (Doc. 12, ¶¶ 5, 7, 10.)

---

[1] Also pending is defendant's Motion to Strike (doc. 24) plaintiff's Supplemental Brief (doc. 20) as untimely and redundant. At defendant's request, the Court enlarged the briefing schedule to enable defendant to respond to the Supplemental Brief. (*See* doc. 23.) Thus, the timeliness issue has already been accommodated and addressed in a manner that fully protects defendant's interests. Moreover, defendant acknowledges that the Supplemental Brief does include five pages of new argument, such that it is not entirely redundant. That defendant challenges the relevance of that new argument is not a proper basis for striking it. *See generally Morgan v. Bill Vann Co.*, 2013 WL 4657554, *1 n.1 (S.D. Ala. Aug. 30, 2013) ("motions to strike should not be filed in federal court[] as a kneejerk reaction whenever a litigant is unhappy with either the contents of an exhibit or the other side's arguments"); *Essex Ins. Co. v. Foley*, 827 F. Supp.2d 1326, 1327 n.1 (S.D. Ala. 2011) (explaining why it is disfavored and generally inappropriate to strike arguments or other portions of filings simply because they lack merit, or "may suffer from a logical or factual defect") (citation omitted). Accordingly, the Motion to Strike is **denied**.

The precise events or incidents underlying Johnson's claims are difficult to discern from the Complaint. For example, she mentions that she applied for a transfer on two occasions in May 2013, but does not allege any facts or circumstances suggesting that (i) she was denied those particular transfers, (ii) such denial was based on some protected class status, or (iii) a plausible inference exists that Infirmary's May 2013 transfer decisions were based on Johnson's race, religion, or some other protected characteristic. (Doc. 12, ¶ 6.) Indeed, the pleading does not allege what the result of those transfer applications was, what reasons Infirmary gave for not selecting her, who the successful applicants were, or why Johnson believes her non-selection was based on her race or religion.[2]

In its present configuration, Johnson's pleading appears to center on a three-day suspension that she received after leaving early from work on January 9, 2013. (Doc. 12, ¶ 11.) Plaintiff does not indicate why she left work early; however, she does allege that she "was mandatory ordered" to work two 12-hour shifts on January 10 and 11, 2013, even though Infirmary knew that she is a Seventh-Day Adventist who could not work on January 11 (a Friday) because her Sabbath Observance began at sundown. (*Id.*, ¶¶ 9-11.) The Amended Complaint does not allege whether Infirmary purported to suspend her for leaving work early on January 9 (which would not appear related to her religious beliefs), for refusing to work on January 11 (if indeed she so refused), or for some other reason.[3]

In paragraph 13 of the Amended Complaint, plaintiff makes allegations of race discrimination; however, they are nonspecific. She alleges that "[w]hite applicants and employees of the defendant have generally been treated better than black applicants and employees of defendant by not having arbitrary, capricious, and unreasonable mandatory suspension actions" and that "[w]hite applicants have been treated more leniently and disciplined

---

[2] At best, Johnson offers a global, summary accusation that "[t]he terms and conditions of employment, promotion, and nursing positions in positions of Float Pool Nurse; Admit/Discharge Nurse; Team Leader Nurse Position was denied based on her African American Race [and] Seventh Day Adventist Religion." (Doc. 12, ¶ 12.)

[3] In her brief on the Motion to Dismiss, Johnson endeavors to shore up these facts by adding new allegations, such as, "Plaintiff was told that she was to be suspended on January 11, 2013 if she did not complete her twelve hour shift." (Doc. 20, at 2.) Such new allegations are unhelpful because the Rule 12(b)(6) analysis is governed by the contents of the complaint itself, not subsequently filed memoranda of law.

less harshly than black employees in not using mandatory scheduling intended to interfere with the religious Sabbath observance and best interest of children of nurses with sick family members." (*Id.*, ¶ 13.) Plaintiff concludes that "the plaintiff was disciplined and suspended and denied terms and conditions of employment, promotion, and positions based on her race, color, religion by defendant." (*Id.*)[4]

Infirmary now moves for dismissal of the Amended Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., for the stated reason that the pleading fails to comply with minimum pleading requirements prescribed by Rule 8(a)(2) as well as the *Twombly / Iqbal* line of authorities.

## II. Analysis.

### *A. Applicable Legal Standards.*

For purposes of a Rule 12(b)(6) analysis, the Court accepts as true all well-pleaded factual allegations of the First Amended Complaint, and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in reviewing Rule 12(b)(6) motion, court must "accept[] the facts alleged in the complaint as true," "draw[] all reasonable inferences in the plaintiff's favor," and "limit[] our review to the four corners of the complaint"). That said, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

---

[4] The Amended Complaint is clear that Johnson's claim sounds exclusively in theories of race and religion discrimination. (*See* doc. 12, ¶¶ 1, 13, 14.) For example, the Amended Complaint alleges, "The plaintiff was discriminated against on the basis of her **race, color, and religion** in terms and conditions of discipline, rules, and other terms and conditions of her application and employment." (*Id.*, ¶ 14 (emphasis added).) In light of this fact, plaintiff's assertion in her Supplemental Brief that her "Amended Complaint alleges race, color, **sex, gender** and religious discrimination" (doc. 20, at 1) is counterfactual. Likewise, her discussion of gender discrimination in her Supplemental Brief is unhelpful and unilluminating because no claim of gender discrimination has been joined. Insofar as Johnson attempts to use her brief as a backdoor method of amending her complaint to state a new claim of gender discrimination, such a tactic is improper. *See, e.g., American Federation of State, County and Mun. Employees Council 79 v. Scott*, 717 F.3d 851, 863 (11th Cir. 2013) ("[a] plaintiff may not amend her complaint through argument in a brief"). Accordingly, the Court will not address plaintiff's arguments relating to gender discrimination because no such claim has been asserted in the Amended Complaint or otherwise joined in this litigation.

To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). These minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly* / *Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, … but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

As noted, Johnson is pursuing her claims against Infirmary without the benefit of legal representation. Even in the *Twombly* context, "when considering a motion to dismiss *pro se* pleadings, we must bear in mind that such pleadings are held to a less stringent standard than counseled pleadings, and are construed liberally." *Patel v. Georgia Dep't of Behavioral Health and Developmental Disabilities*, 2013 WL 1729802, *2 (11th Cir. Apr. 22, 2013).[5] Thus, "[a] plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*." *Jeter v. Winn Dixie*, 2013 WL 4788624, *2 (M.D. Ala. Sept. 9, 2013). Nonetheless, it is also true that, notwithstanding this deferential standard, "a *pro se* litigant's allegations must meet the *Twombly* standard of plausibility." *Williams v. Taylor*, 2010 WL 2025382, *3 (S.D. Ala. Apr. 26, 2010); *see also Lefont v. SunTrust Mortg., Inc.*, 2011 WL 679426, *4 (N.D. Ga. Jan. 27,

---

[5] *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally"); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

-4-

2011) ("even taking Plaintiffs' *pro se* status into account, Plaintiffs have failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*").

### B. *Sufficiency of Johnson's Pleading.*

Even before reaching a *Twombly* analysis, the Court observes that Johnson's First Amended Complaint lacks clarity as to the particular claims or causes of action she seeks to assert. To be sure, she references Title VII and 42 U.\S.C. § 1981, and mentions race and religion. But plaintiff does not present her claims as separate counts (*e.g.*, Title VII race discrimination as to discipline, Title VII religious discrimination as to failure to promote, etc.), as required by Rule 10(b), Fed.R.Civ.P., instead asserting them as an amorphous, undifferentiated whole. More fundamentally, the vagueness of the First Amended Complaint renders it difficult to perceive how she contends Infirmary wronged her. The Amended Complaint fails to state a claim because it does not identify specifically what claims she is bringing against Infirmary and what specific personnel actions by Infirmary she claims were the product of unlawful racial or religious animus.

Even if the First Amended Complaint did adequately specify what causes of action Johnson is asserting against Infirmary, those claims are inadequately pleaded under a *Twombly* / *Iqbal* analysis. "A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss." *Henderson v. JP Morgan Chase Bank, N.A.*, 2011 WL 3362682, *2 (11th Cir. Aug. 4, 2011). But it must allege sufficient facts to support a reasonable inference that Infirmary discriminated against Johnson in the manner claimed with respect to the challenged personnel actions. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case," but "must provide enough factual matter (taken as true) to suggest intentional race discrimination") (citations and internal quotation marks omitted); *Bowers v. Board of Regents of University System of Georgia*, 2013 WL 563180, *3 (11th Cir. Feb. 15, 2013) (similar); *Carter v. Hartford Fire Ins. Co.*, 2012 WL 4888533, *4 (N.D. Ga. Sept. 17, 2012) (post-*Twombly*, a Title VII plaintiff "need not allege each and every element of a prima facie case," but "must simply allege facts that give rise to a reasonable inference that the defendant discriminated or retaliated against the plaintiff").

In its present formulation, plaintiff's pleading appears to allege that Johnson was passed over for promotions, assigned mandatory shifts on January 10 and 11, and suspended. But it is

devoid of specific allegations linking each of those personnel decisions to her race or religion. What specific facts and circumstances lead Johnson to believe that Infirmary's suspension of her was motivated by race or religion? Those are the facts she must plead in her complaint to withstand *Twombly* scrutiny, yet she has done nothing of the sort.[6]

In short, the fundamental defects with Johnson's Amended Complaint are that (i) it does not give fair notice to Infirmary of what specific claims she is asserting, and (ii) it does not give fair notice to Infirmary of the specific facts on which she is relying in support of those claims. Because her pleading does not allege sufficient facts to nudge her claim(s) against Infirmary across the line from the conceivable to the plausible, but instead raises vague claims predicated on shadowy, fragmentary factual allegations, Johnson has fallen well short of the basic pleading requirements of the Federal Rules of Civil Procedure, as prescribed in the *Twombly / Iqbal* line of authorities.

In reaching this conclusion, the Court has taken into account Johnson's *pro se* status. Although *pro se* pleadings are to be liberally construed, a plaintiff's unrepresented status does not excuse her from compliance with procedural rules. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v.*

---

[6] Without question, certain employer defendants have been overzealous in making *Twombly / Iqbal* arguments, insisting on an unfair and unreasonable degree of precision in a pleading. The Eleventh Circuit has recently rejected this approach in several employment discrimination cases. *See, e.g., Smith v. CH2M Hill, Inc.*, 521 Fed.Appx. 773, 775 (11th Cir. June 5, 2013) (reversing dismissal of Title VII claim under *Twombly* where plaintiff alleged that he was qualified, that his termination was motivated by his race, that non-African-American employees retained employment when he was discharged, and that he had been pressured to enforce codes in a racially discriminatory manner); *Watts v. Ford Motor Co.*, 519 Fed.Appx. 584, 587 (11th Cir. May 24, 2013) (reversing dismissal of Title VII claim under *Twombly* where plaintiff alleged that her supervisors downgraded her performance review so that she would be terminated in a reduction in force instead of a white male); *compare with Uppal v. Hospital Corp. of America*, 2012 WL 2136156, *2 (11th Cir. June 13, 2012) (complaint flunks *Twombly* analysis where plaintiff alleged that similarly situated employees outside protected class were not disciplined, but "never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class"). By contrast, Infirmary is properly applying *Twombly / Iqbal* to demand that Johnson meet minimum pleading requirements to provide it with notice of what her claims are and the grounds upon which they rest.

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b). Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for Johnson or to rewrite otherwise deficient pleadings to help her navigate past the Rule 12(b)(6) challenge. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The remaining question is that of remedy. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted).[7] On this record, the Court cannot categorically exclude the possibility that Johnson may be able to state a cognizable claim against Infirmary via a more carefully drafted complaint. For that reason, and in deference to her *pro se* status, Johnson will be given one more opportunity to amend her complaint to identify all causes of action she wishes to assert against Infirmary (whether raised in her First Amended Complaint or not), and to plead those claims with sufficient specificity to satisfy Rule 8 and the *Twombly / Iqbal* line of precedents. Jackson is cautioned that, as stated *supra*, this Court cannot help her, draft her complaint for her, or overlook pleading defects merely because she does not have a lawyer. This opportunity to amend her pleading will be her last chance to satisfy *Twombly / Iqbal*. If this second amended complaint (the third iteration of her pleading overall) remains defective, this action may be dismissed with prejudice. Accordingly, plaintiff is strongly advised to consult with legal counsel for assistance in identifying, framing and pleading her claims against Infirmary in a manner that conforms to applicable pleading standards and rules of civil procedure.

**III.    Conclusion.**

---

[7]   *See also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *Jemison v. Mitchell*, 2010 WL 2130624, *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); *Wilson v. Selma Water Works and Sewer Bd.*, 2012 WL 512665, *3 n.1 (S.D. Ala. Feb. 15, 2012) (finding that unrepresented parties should be afforded an opportunity to correct pleading deficiencies where "it is at least possible that a more carefully drafted complaint might state a claim") (citation and internal quotation marks omitted).

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion to Dismiss Amended Complaint (doc. 13) is **granted**;
2. Defendant's Motion to Strike (doc. 24) is **denied**;
3. Plaintiff is **ordered** to file a Second Amended Complaint that corrects the above-described pleading deficiencies on or before **December 2, 2013**, failing which this file will be closed and judgment will be entered dismissing this action without prejudice;
4. Defendant's answer or responsive pleading to the Second Amended Complaint must be filed on or before **December 16, 2013**;
5. The Motion for Leave to File Second Amended Complaint (doc. 26) filed by plaintiff after defendant's Motion to Dismiss was fully briefed and ripe is **denied**, without prejudice to Johnson's ability to submit an amended pleading that confirms to the guidelines and principles set forth herein;[8] and
6. The Clerk's Office is directed to mail plaintiff a copy of this District Court's *Pro Se* Litigant Guide. Plaintiff is expected to familiarize herself with that document and to conduct herself in accordance therewith for the remainder of these proceedings.

DONE and ORDERED this 18th day of November, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] A plaintiff cannot evade dismissal indefinitely by making her complaint a moving target that she amends each time its defects are laid bare in a fully briefed Rule 12(b)(6) motion. Yet Johnson has already utilized this stratagem twice. Moreover, she appears to labor under the mistaken impression that pleading is an iterative process that entitles her to file as many versions of her complaint as necessary until she "gets it right." The interests of justice described in Rule 15(a)(2) must and do take into account the burden on defendant and the Court in devoting scarce resources to sift through each successive iteration of her complaint and assess its legal sufficiency. Simply put, the time for Johnson to fix her complaint is now, and she should not assume that additional bites at the apple will be granted if her next pleading fails to conform to Rule 8(a) and *Twombly/Iqbal*.