# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MONICA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0431-WS-M |
| | ) |
| MOBILE INFIRMARY MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Strike (doc. 34). The briefing deadlines established by the Court having expired, the Motion is now ripe.

Plaintiff, Monica Johnson, brought this action against defendant, Mobile Infirmary Medical Center, alleging federal statutory claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). With respect to all of these claims, the Second Amended Complaint recites a global *ad damnum* clause in which she demands, among other things, "$500,000.00 as punitive damages for the Defendant's willful and intentional violation of federally protected rights." (Doc. 32, at 8.) The Second Amended Complaint does not expressly link this prayer for punitive damages to her two FMLA claims; however, a straightforward reading of the pleading is that Johnson seeks a punitive damages award on all of her claims (including the FMLA causes of action).

On December 17, 2013, Mobile Infirmary Medical Center filed a Motion to Strike the punitive damages demand insofar as it relates to the FMLA causes of action, for the stated reason that punitive damages are not an available remedy under that statutory scheme. The next day, the Court entered a briefing schedule on the Motion to Strike, directing plaintiff to file any response on or before December 30, 2013. The December 18 Order suggested that if Johnson did not intend for that aspect of her Prayer for Relief to reach her FMLA claims, then she need merely file a short response clarifying that point. In response, plaintiff filed nothing, and the deadline has long since expired.

Authority is legion for the proposition that punitive damages are unavailable in causes of action brought pursuant to the Family and Medical Leave Act. *See, e.g., Farrell v. Tri-County Metropolitan Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008) ("It is well-settled that the FMLA, by its terms, only provides for compensatory damages and not punitive damages.") (citations omitted); *Smith v. Grady*, --- F. Supp.2d ----, 2013 WL 249677, *21 (S.D. Ohio Jan. 23, 2013) ("As Plaintiff has set forth no argument to the contrary, this Court concludes that Plaintiff is barred from recovering punitive or emotional distress damages from any of the Defendants for her claims brought under the FMLA."); *Fields v. Department of Public Safety*, 911 F. Supp.2d 373, 385 (M.D. La. 2012) ("the FMLA does not provide for recovery of punitive damages"); *Cooper v. New York State Nurses Ass'n*, 847 F. Supp.2d 437, 452 (E.D.N.Y. 2012) ("punitive damages are not available under [the] FMLA") (citations omitted); *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp.2d 1273, 1298 (D.N.M. 2010) ("Because Congress did not write punitive damages into the remedial scheme of the FMLA and instead limited recovery to certain compensatory damages, the Court finds that punitive damages are not available under the statute."); *Lufkin v. Eastern Maine Medical Center*, 401 F. Supp.2d 145, 146 (D. Me. 2005) ("I conclude that punitive damages likewise may not be awarded under the FMLA"); *Keene v. Rinaldi*, 127 F. Supp.2d 770, 772 (M.D.N.C. 2000) ("The Court concludes that the FMLA does not allow punitive damages …."); *Hite v. Biomet, Inc.*, 53 F. Supp.2d 1013, 1024 n.13 (N.D. Ind. 1999) (following "cases which have addressed the issue and uniformly determined that an FMLA plaintiff is not permitted to recover either emotional damages or punitive damages"); *Klein v. County of Bucks*, 2013 WL 1310877, *10 (E.D. Pa. Apr. 1, 2013) ("Courts within the Third Circuit have repeatedly interpreted the FMLA to disallow claims for punitive damages. … Given this body of jurisprudence, and Klein's failure to make any argument to support a contrary position, this Court likewise agrees that punitive damages are unavailable under the FMLA."); *Thompson v. City of Muscle Shoals, Ala.*, 2012 WL 4815466, *4 (N.D. Ala. Oct. 10, 2012) (dismissing plaintiff's claims for punitive damages under the FMLA because they "run afoul of the blackletter law").

In light of the foregoing authorities, and plaintiff's failure to articulate any argument or to identify any basis in law or equity for a contrary result, the Court concludes that punitive damages are not available under the FMLA. Accordingly, defendant's Motion to Strike (doc. 34) is **granted**. Plaintiff's demand for punitive damages is **stricken** insofar as it relates to her

claims brought under the FMLA, provided, however, that nothing herein impairs plaintiff's continued pursuit of a punitive damages remedy as to her non-FMLA causes of action.

DONE and ORDERED this 15th day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE